Irene V. Fitzgerald, Bar No. 266949
ifitzgerald@littler.com
Tiereney Souza, Bar No. 358657
tsouza@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

ATTORNEYS FOR DEFENDANT
FIRST MANAGEMENT SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HAGGARD,<br><br>Plaintiff,<br><br>v.<br><br>FIRST MANAGEMENT SERVICES, LLC and DOES 1 - 10,<br><br>Defendants. | Case No. 2:25-cv-00500-TLN-JDP<br><br>**JOINT STIPULATION AND ORDER TO REOPEN DISCOVERY AND MODIFY INITIAL PRE-TRIAL SCHEDULING ORDER**<br><br>Trial Date: TBD<br>Stanislaus County Superior Court Complaint Filed: January 10, 2025 |

Plaintiff Anthony Haggard ("Plaintiff") and Defendant First Management Services, LLC ("Defendant") (collectively, the "Parties") by and through their respective counsel of record, respectfully submit this Joint Stipulation and Proposed Order pursuant to Fed. R. Civ. P. 16(b)(4), Local Rule 143, and the Court's Initial Pretrial Scheduling Order, seeking limited extensions of the discovery and dispositive motion deadlines for good cause. The Parties stipulate as follows:

## I. INTRODUCTION

Defendant removed this action to federal court on February 12, 2025. (Dkt No. 1.) On the same day, the Court issued "Civil New Case Documents," which included an Initial Pretrial Scheduling Order (the "Scheduling Order"). (Dkt. No. 3.) Neither party's counsel recognized at that time that the Scheduling Order had been entered. Based on their understanding of the case's procedural posture, both parties' counsel anticipated that scheduling deadlines would be established following submission of a Rule 26(f) report and/or the Court's setting of an initial scheduling conference. Although counsel did not recognize that a Scheduling Order had already been issued, they nevertheless continued to take steps to advance the litigation. In September 2025, counsel discussed exchanging initial disclosures and coordinating next steps in discovery. The parties subsequently exchanged Rule 26(a) initial disclosures on December 18, 2025.

On April 14, 2026, Plaintiff served written discovery on Defendant. In May, while preparing correspondence regarding the parties' Rule 26(f) obligations, counsel for Defendant re-reviewed the Civil New Case Documents and discovered that, therein, the Court's Scheduling Order had been entered on February 12, 2025. In reviewing, it became clear that the discovery-related deadlines established therein had already expired as of February 2026. Defendant promptly notified Plaintiff of the issue. Counsel for Plaintiff confirmed that they likewise had not recognized that the Scheduling Order had been entered and had similarly believed the parties were awaiting further scheduling proceedings from the Court.

Upon discovering the issue, the Parties promptly met and conferred regarding the effect of the expired deadlines and the appropriate path forward. Rather than immediately seeking relief from the Court, the Parties agreed to explore whether the matter could be resolved through informal

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California
93704.2225
559.244.7500

negotiations, which, if successful, would have obviated the need for additional discovery and further Court involvement. Those efforts were undertaken in good faith in an attempt to conserve party and judicial resources. However, by August 2026, it became apparent that informal resolution would not be possible absent additional factual development through discovery.

The Parties have conferred in good faith regarding the schedule and jointly agree that limited extensions are warranted. The Parties therefore bring this stipulation at the earliest practical opportunity after determining that further discovery is necessary. Although counsel failed to recognize the Court's Scheduling Order when it was entered, they acted promptly upon discovering the oversight, timely conferred regarding its consequences, diligently explored alternatives to formal discovery, and now jointly seek a limited modification of the Initial Pretrial Scheduling Order to permit the case to be resolved on its merits.

## II. DISCOVERY WHICH REMAINS TO BE COMPLETED

The Parties seek a limited reopening of discovery to complete the following discovery:

1. A limited exchange of written discovery, including Interrogatories pursuant to Rule 33, and Requests for Production pursuant to Rule 34;
2. Third-Party subpoenas for employment, medical, and treatment-related records pursuant to Rule 45; and
3. Depositions to be noticed and taken pursuant to Rule 30.

In addition to the foregoing discovery, the Parties seek leave to designate expert witnesses for purposes of trial and to conduct expert discovery, and seek to extend the deadline by which to file dispositive motions. Except as set forth herein, no additional discovery shall be permitted absent further order of the Court.

## III. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

Discovery Cut-Off Date – Discovery shall remain open for one hundred eighty (180) days from the date of entry of the Court's Order granting this Joint Motion. The extension shall be limited solely to the discovery identified in Section II above.

Expert Witness Disclosure – The designation of each Party’s respective expert witness(es)

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California
93704.2225
559.244.7500

pursuant to Rule 26(a)(2)(B) shall be filed and served upon all parties not later than sixty (60) days after the discovery cutoff date.

Dispositive Motions – Dispositive motions shall be filed no later than one hundred eighty (180) days after the discovery cutoff date.

Joint Notice of Trial Readiness – If no dispositive motions are filed, the Parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after the dispositive motion deadline. In the event dispositive motions are filed, the Parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving the Court's ruling(s) on the last filed dispositive motion.

## IV. REQUEST FOR SETTLEMENT CONFERENCE

To facilitate the efficient resolution of this matter, the parties additionally stipulate to and request a settlement conference pursuant to Local Rule 270, to be held prior to the discovery cutoff date and at the Court's convenience.

## V. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

A request to modify the scheduling order is governed by Federal Rule of Civil Procedure 16(b)(4) which provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co*., 108 F.R.D. 138, 141 (D. Me. 1985)).

Good cause exists here because the Parties acted diligently upon discovering that the deadlines set forth in the Court's Scheduling Order had expired. Although neither party initially recognized that the Scheduling Order had been entered contemporaneously with Defendant's removal of this action, the Parties nonetheless continued to advance the litigation by exchanging initial disclosures and discussing further discovery. Upon Defendant's discovery of the Scheduling

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California
93704.2225
559.244.7500

Order while reviewing the docket in connection with Plaintiff's written discovery requests, Defendant immediately notified Plaintiff, who confirmed that it had similarly believed the Parties were awaiting further scheduling proceedings.

The Parties promptly met and conferred regarding the expired deadlines, the status of outstanding discovery, and the most efficient path forward. Rather than immediately seeking judicial intervention, the Parties first explored whether the matter could be resolved through informal negotiations in an effort to conserve both party and judicial resources. Those efforts were undertaken in good faith but ultimately proved unsuccessful. Once it became apparent that further factual development would be necessary for the Parties to evaluate their respective claims and defenses, the Parties jointly prepared the present motion seeking a limited modification of the Scheduling Order.

Importantly, the Parties do not seek to reopen discovery without limitation. Instead, they seek only a narrowly tailored extension permitting the completion of limited written discovery, targeted third-party records subpoenas, and depositions. The requested discovery is necessary to allow the Parties to evaluate the merits of the action, participate in meaningful settlement discussions, and adequately prepare dispositive motions as necessary. Because records must be subpoenaed from third-party healthcare providers and employers, reviewed by the Parties, and incorporated into Plaintiff's deposition preparation, the Parties believe 180 days is a reasonable period to complete the limited discovery contemplated herein.

Moreover, the requested modification will not prejudice either party. This request is brought jointly, and both Parties agree that the limited discovery described herein is necessary for the fair adjudication of this matter. Conversely, absent modification of the Scheduling Order, the Parties would be substantially limited in their ability to develop the factual record necessary to advance and defend their respective positions on the merits at trial.

## VI. CONCLUSION

Under these circumstances, the Parties respectfully submit that good cause exists under Rule 16(b)(4) to modify the Scheduling Order and permit the limited discovery and revised

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California
93704.2225
559.244.7500

deadlines set forth herein.

NOW THEREFORE, The Parties respectfully request the following relief by way of stipulation:

1. Discovery shall remain open for one hundred eighty (180) days from the date of entry of the Court's Order, for the Parties to complete the limited discovery identified in Section II above.
2. The designation of each Party's respective expert witness(es) pursuant to Rule 26(a)(2)(B) shall be filed and served upon all parties not later than sixty (60) days after the discovery cutoff date.
3. Dispositive motions shall be filed not later than one hundred eighty (180) days after the discovery cutoff date.
4. If no dispositive motions are filed, the Parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after the dispositive motion deadline**.** In the event dispositive motions are filed, the Parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving the Court's ruling(s) on the last filed dispositive motion.
5. The Parties be ordered to participate in a Settlement Conference pursuant to Local Rule 270, to be held prior to the close of discovery, or as soon as the court deems practicable.

Dated: August 26, 2026

LITTLER MENDELSON, P.C.

*<u>/s/ Tiereney Souza</u>*
Irene V. Fitzgerald
Tiereney Souza
Attorneys for Defendant
FIRST MANAGEMENT SERVICES, LLC

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California
93704.2225
559.244.7500

Dated: August 26, 2026

RANEN KHADEMI, P.C.

*/s/ Jeffrey S. Ranen*

Jeffrey S. Ranen
Parisa Khademi
Mario A. Palencia
Margaret R. Wright
Attorneys for Plaintiff
ANTHONY HAGGARD

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California
93704.2225
559.244.7500

**ORDER**

Upon consideration of the Parties' Joint Stipulation, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Parties' request to reopen discovery for one hundred eighty (180) days in order for the Parties to complete the limited discovery identified in Section II above is **GRANTED**

2. The Parties' must file and serve upon all parties their designation of expert witness(es) pursuant to Rule 26(a)(2)(B) not later than sixty (60) days after the discovery cutoff date.

3. The Parties' must file and serve upon dispositive motions not later than one hundred eighty (180) days after the discovery cutoff date.

4. If no dispositive motions are filed, the Parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after the dispositive motion deadline.

5. In the event dispositive motions are filed, the Parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving the Court's ruling(s) on the last filed dispositive motion.

6. The Parties are ordered to participate in a Settlement Conference pursuant to Local Rule 270, to be held prior to the close of discovery, or as soon as the court deems practicable.

**IT IS SO ORDERED**:

Dated this 26th day of August, 2026.

Troy L. Nunley
Chief United States District Judge

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California
93704.2225
559.244.7500